UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TIMOTHY RIGGEN, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CU RECOVERY, INC., <br><br> Defendant. | CASE NO. <br><br> **CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Timothy Riggen ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendant CU Recovery, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

8. In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

9. "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

10. "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Illinois, County of Peoria, and City of Peoria.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, the sale of a personal vehicle (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated February 5, 2018.

20. A true and correct copy of Defendant's February 5, 2018 letter is attached as Exhibit A.

21. The vehicle that was the subject of the alleged Debt was repossessed in 2012, and Plaintiff has not since made any payments on the Debt.

22. The State of Illinois sets a four year statute of limitation for initiating an action on the Debt. *See* 810 ILCS § 5/2-725 ("An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.").

23. Therefore, the Debt was beyond the statute of limitations and Defendant could take no legal action to collect it.

24. At no time did Defendant inform Plaintiff that the Debt was past the statute of limitations to collect through the filing of a lawsuit.

25. "Silence about that significant risk of losing the protection of the statute of limitations renders [Defendant's] dunning letter misleading and deceptive as a matter of law." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 685 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 736, 199 L. Ed. 2d 604 (2018).

26. In addition, Defendant's letter goes a step further and implies that the Debt is legally enforceable.

27. Defendant threatens further consequences will take place and that Plaintiff "must" respond within 30 days to avoid that.

28. Defendant references that some of their "clients have entered in settlement agreements to resolve outstanding balances," and solicits a "settlement offer" from Plaintiff.

29. Defendant used language in the letter that gave, or would give, the least sophisticated consumer the misleading impression that the Debt was legally enforceable.

30. On top of this, Defendant implies that an attorney is involved in the collection of Plaintiff's Debt.

31. Specifically, under its name at the top of its letterhead, Defendant refers to an "In State Office," which it says is "Machol & Johannes, LLC," and provides a Colorado address.

32. Machol & Johannes, LLC is a debt collection law firm that has attorneys who collect debts in several states across the country.

33. However, Machol & Johannes, LLC has no attorneys licensed to practice in Illinois and it could not take action to collect the Debt from Plaintiff in Illinois.

34. Thus, its representation that an attorney was involved is false.

35. Defendant's letter also solicits Plaintiff to enter into a payment plan and make partial payments to pay the Debt.

36. Defendant's letter failed to disclose the risk that, if Plaintiff did make a partial payment on the Debt and was unable to complete the terms of the settlement offers, the statute of limitations on the Debt would be renewed.

37. By making settlement offers without disclosing that a partial payment would revive the statute of limitations period for the entirety of the Debt, Defendant's actions were unconscionable.

## CLASS ALLEGATIONS

38. Plaintiff repeats and re-alleges all factual allegations above.

39. Defendant's February 5, 2018 letter is based on a form or template used to send collection letters (the "Template").

40. Defendant has used the Template to send collection letters to over 40 individuals in the State of Illinois within the year prior to the filing of the original complaint in this matter.

41. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with an Illinois address to whom Defendant mailed a letter based on the Template within one year before the date of the original Complaint in connection with the collection of a consumer debt, where the debt was past the statute of limitations period at the time the letter was sent.

42. The class is averred to be so numerous that joinder of members is impracticable.

43. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

44. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

45. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

46. Plaintiff's claims are typical of those of the class he seeks to represent.

47. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

48. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

49. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

50. Plaintiff is willing and prepared to serve this Court and the proposed class.

51. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

52. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

54. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

57. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

58. Plaintiff repeats and re-alleges each factual allegation above.

59. The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "the false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

60. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)).

61. When a debt is past the statute of limitations, "collection efforts offer opportunities for mischief and deception." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

62. When faced with a settlement offer or a demand for payment, "an unsophisticated consumer debtor who makes the first payment or who promises to make a partial payment is much worse off than he would have been without taking either step. If he then fails or refuses to pay further, he will face a potential lawsuit." *Id.* at 685.

63. "[T]he FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand." *Id.*

64. In addition, discussion of settlement or otherwise leading the consumer to believe that the debt is enforceable runs afoul of the FDCPA's prohibition on false or misleading representations. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 428 (3d Cir. 2018); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

65. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by conveying a false sense of urgency to Plaintiff to act, misleading the consumer as to the level of attorney involvement, misleading the consumer as to whether the debt was enforceable and by coaxing the consumer to make a payment and revive the statute of limitations without an unambiguous disclaimer that doing so would restart the statute of limitations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

66. Plaintiff repeats and re-alleges each factual allegation above.

67. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

68. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v.*

*Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

69.  Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including by soliciting payment of a debt from Plaintiff, thus luring the consumer away from the shelter of the statute of limitations, without providing an unambiguous warning that an unsophisticated consumer would understand that doing so would restart the limitations period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

70. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 2, 2018

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff